UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

UNITED STATES OF AMERICA,

      Plaintiff,

v.

CARL R. ZWERNER,

      Defendant.
_____/

## COMPLAINT

The United States of America brings this action to collect outstanding civil penalties assessed against defendant Carl R. Zwerner for his failure to timely report his financial interest in a foreign bank account, as required by 31 U.S.C. § 5314 and its implementing regulations. The United States of America, through its undersigned counsel, complains and alleges as follows.

### Jurisdiction and Venue

1. The United States brings this suit under 31 U.S.C. § 3711(g)(4)(C) at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States.

2. The Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345 because it arises under a federal statute and the United States is the plaintiff.

3. Venue properly lies in this district under 28 U.S.C. § 1391 because the defendant, Carl R. Zwerner, resides in this judicial district.

4.     Carl R. Zwerner resides in Miami-Dade County, Florida, within this Court's jurisdiction.

## Zwerner's Failure to Timely Report
## His Financial Interest in a Swiss Bank Account

5.     Section 5314 of Title 31 of the U.S. Code authorizes the Secretary of the Treasury to require United States citizens (among others) to report certain transactions with foreign financial agencies.  Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists.  31 C.F.R. § 1010.350(a).

6.     To fulfill this requirement, a person must file a Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts, commonly known as an "FBAR."  *See id.*  An FBAR is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year."  31 C.F.R. § 1010.306(c).

7.     From 2004 through 2007, Zwerner, a U.S. citizen, had a financial interest in an account at ABN AMRO Bank in Switzerland (hereinafter, "the Swiss bank account").

8.     The balance of the Swiss bank account from 2004-2007 was at all times greater than $10,000.

9.     On or before June 30, 2005, 2006, 2007, and 2008, Zwerner was required to file an FBAR reporting his financial interest in the Swiss bank account for each year from 2004, 2005, 2006, and 2007, respectively.

10.    Before October 2008, Zwerner had never reported his financial interest in the Swiss bank account on an FBAR, nor had he reported income he earned from that account on his federal income tax returns.

11. On or about October 13, 2008, Zwerner filed a delinquent FBAR reporting his financial interest in the Swiss bank account during 2007, along with an amended income tax return for 2007. On or about March 27, 2009, Zwerner filed amended income tax returns and delinquent FBARs for 2004, 2005, and 2006.

12. Zwerner's failure to timely report his financial interest in the Swiss bank account for 2004-2007 was willful.

13. Zwerner did not hold the Swiss bank account in his own name. From 2004 to 2006 he held the account in the name of any entity called the Bond Foundation. In January 2007, he transferred the account to an entity called the Livella Foundation. At all times, however, Zwerner was the beneficial owner of the account.

14. Zwerner's original tax returns for 2004 to 2007 did not report any income he earned from the Swiss bank account. The first time he reported such income was when he amended those returns. In addition, Zwerner represented on Schedule B of his original tax returns for those years that he did not have an interest in a foreign financial account.

15. Zwerner expressly represented to the accountant who prepared his original tax returns for 2006 and 2007 that he had no interest in or signature authority over a financial account in a foreign country.

16. In a letter dated August 9, 2010, Zwerner admitted to the IRS that he was aware that he should have reported both the existence of the account and the income he earned from it.

## Claim for Relief: Reduction of Civil Penalties to Judgment

17. 31 U.S.C. § 5321(a)(5) provides for the imposition of civil penalties for willful failure to comply with the reporting requirements of Section 5314. For violations involving the willful failure to report the existence of an account, the maximum amount of the penalty that

may be assessed is 50% of the balance of the account at the time of the violation, or $100,000, whichever is greater.  *Id.*

18.     Due to Zwerner's willful failure to file FBARs reporting his financial interest in the Swiss bank account during 2004-2007, a delegate of the Secretary of the Treasury of the United States assessed penalties against him under 31 U.S.C. § 5321(a)(5) in the amount of 50% of the balance of his account at the time of the violations for each year, as follows:

(a)  2004 – $723,762, assessed on June 21, 2011.

(b) 2005 – $745,209, assessed on August 10, 2011.

(c) 2006 – $772,838, assessed on August 10, 2011.

(d) 2007 – $845,527 assessed on August 10, 2011.

19.     On June 21, 2011, a delegate of the Secretary of the Treasury of the United States gave notice of the penalty assessment for 2004 to Zwerner and made demand for payment thereof.

20.     On September 8, 2011, a delegate of the Secretary of the Treasury of the United States gave notice of the penalty assessments for 2005-2007 to Zwerner and made demand for payment thereof.

21.     Despite the notices and demands for payment, Zwerner has failed to pay the penalties assessed against him.  As a result, interest and statutory additions continue to accrue.

22.     As of June 6, 2013, Zwerner owes the United States $3,488,609.33 in penalties assessed under 31 U.S.C. § 5321, including interest and other additional amounts which accrued and continue to accrue as provided by law.

WHEREFORE, the United States of America requests that the Court:

A. Enter judgment against Carl R. Zwerner and in favor of the United States in the amount of $3,488,609.33 for the penalties assessed against him under 31 U.S.C. § 5321(a)(5), plus further interest and statutory additions thereon as allowed by law from June 6, 2013, to the date of payment.

B. Award the United States its costs incurred in connection with this action, along with such other relief as justice requires.

Dated: June 11, 2013

Respectfully submitted,

KATHRYN KENEALLY
Assistant Attorney General
Tax Division, U.S. Department of Justice

By:  /s/ David Zisserson
DAVID ZISSERSON (A5501145)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 14198
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 514-6479
Fax: (202) 514-9868

Of counsel:

WIFREDO A. FERRER
United States Attorney
Southern District of Florida